Good morning. Judge Roosevelt and I are very pleased to have our colleague from the Middle District of Florida, Judge Ann Conway, here with us this week for today and tomorrow. Judge Conway has sat with our court many times over the last couple of decades. Judge Conway is a senior judge. Senior judges are a terrific part of the federal judiciary. They work for free and they perform, they shoulder about 20% of the workload of the federal judiciary. And without their help, the federal judiciary would be in a lot of trouble. Our work would really grind to a halt and they don't have to do it. They can take the pay and go home and take care of grandkids and do whatever it is, travel the world, whatever they like, but so many of them, Judge Conway included, continue to to help our country and we're very grateful to them for it. And we hope that the American people and our elected representatives really understand the important contributions that our senior judges make as well. So thank you for being here this week. We're familiar with your appeals and we've read your briefs and the authority cited in your briefs and at least portions of the record. So you have limited time today. So feel free to go straight to the heart of your argument. You don't have to worry about us being, whether we're familiar with it or not. We're probably going to have some questions. Please don't treat the red light as aspirational. When it shines, there's a reason. Our time is valuable. If you're answering a question from the court, of course, feel free to finish your answer. But you won't save, you won't lose any of your rebuttal time if you have rebuttal time, if you're finishing an answer from the court. Okay. So we'll start with United States v. Gandhi. Mr. Suma. Good morning. May it please the court. I am Richard Suma. I represent the appellant Clifford Gandhi. In this case, I'm asking the court to find that Mr. Gandhi does not qualify as a career offender because his prior Florida battery conviction was not based upon an element of physical force against the person of another as required by the guidelines definition of a crime of violence. Starting with the Florida statute, the battery is defined as either one, non-consensual touching or striking of another or two, intentionally causing bodily harm to another. Okay. So the government concedes that it's divisible into touching and striking on the one hand, bodily harm on the other hand. And I can understand why they do that. I mean, there's plenty of Florida Supreme Court decisions and other information that makes it pretty clear that's the way it works. In Florida. But when I look at the Senate's recommendation that your client signed, and particularly the accompanying arrest report, which was incorporated by reference into that recommendation and quote, agreed to by the defendant as a factual basis for the plea, in quote, it says, Gandhi did knowingly and intentionally commit the offense of battery causing bodily harm. And then it describes that crime and makes it seem to me at least very clear that your client was convicted of battery causing bodily harm. And there's a factual basis to support it. So when we use the modified categorical approach, it looks like there's really no doubt your client pleaded no contest to bodily harm battery. And what am I missing? Well, what you're missing, Your Honor, I say respectfully, is let's first examine what is a factual basis for a plea. It means that Mr. Gandhi conceded that the state, if the case went to trial, could present prima facie evidence of guilt. But a prima facie evidence of guilt is not a concession of guilt in any case, in a NOLA case or in a presentation of evidence. That prima facie evidence of guilt means there's a disputed issue of fact. And that disputed issue still remains when the trial court finds a factual basis to support a plea. But the point of the factual basis is to say that it's a disputed issue that could be decided against the defendant if the case were to go to trial. And in the case of a NOLA plea such as we have here, the Florida law is clear that even a factual basis to support a plea is not a concession of guilt. Now, I don't think the NOLA is going to help you. I think under Florida law, that is not going to be the kind of argument that gets you where you need to be. I think your case probably rises or falls on whether the part of the affidavit that says that Clifford Gandhi did knowingly and intentionally commit the offense of battery-causing bodily harm is a part of the factual basis or is not. Because the only—I mean, let me just ask you about this. This is why I think this. The only place that the affidavit is incorporated is under the part that says in large, bold, capital letters, factual basis. And then it says it's agreed to by the defendant as a factual basis for this plea. And so the question, at least in my mind, and I don't speak for anyone else, is, you know, rises or falls on whether did knowingly and intentionally commit the offense of battery-causing bodily harm constitutes part of the factual basis or instead is just this particular arresting officer's opinion and the facts are what follows instead. And I submit that is the particular arresting officer's opinion of what the offense is. And I would point to one other thing in the record which I think supports that. It says his agreement was that the arrest report agreed constitutes the factual basis for the plea as follows. And the arrest report uses the same language when it says intentionally cause bodily harm as follows. So the allegations which follow are the specific allegations that the event defendant agreed would support the entry of the plea. But there are other points in there that I would get to as well. Maybe I'm missing something. It seems to me that the, if it says your client, quote, did knowingly and intentionally commit the offense of battery-causing bodily harm as follows. And then it has a description of a battery-causing bodily harm in which the victim was left bleeding. It strikes me that as follows doesn't help you. That hurts you. What am I missing? What you're missing, Your Honor, is that those allegations are ambiguous under Florida law as whether that would be intentionally causing bodily harm or battery by striking. Let me ask you a question. Which is indivisible. Is the part that says that at the beginning where it says did knowingly and intentionally commit the offense of battery-causing bodily harm as follows, is it your position that that's just a legal conclusion that's not entitled to the, I guess, the characterization as a fact? I mean, is that what your position is? Yes. Okay. And there are other reasons to show that it's, the plea agreement is itself ambiguous. Under the modified categorical approach, the Florida judge would have to be required to find the element of physical force and that defense was committed by causing bodily harm. That's not required under this plea agreement. I would note that when the battleground was touching or striking, and I'm referring, I'm going to refer now to document 58, page 2, when that was the issue, the government argued that this plea agreement showed, proved a battery by striking. So, can the government have it both ways by saying it proves battery by striking and now it proves battery by causing bodily harm? I thought under the modified categorical approach, the judge's ruling had to be more precise than that. It had to be clear that he was convicted under this divisible part of the statute causing bodily harm, which encompasses physical force. That's not necessary under Florida law or under the plea agreement. And both parties cited a Florida case called Jomala. And in that case, the defendant struck his victim, beat him, knocked him to the ground, continued to strike him, struck him with a cane, causing bleeding over the eye. And what do you suppose that defendant was convicted of? He was convicted of battery by touching or striking. There's no way to distinguish under the Florida law whether those kinds of facts constitute a battery by striking or a battery by intentionally causing bodily harm. And that's the reason that the modified categorical approach does not carry today. I don't understand why it is you contend that there's any issue at all that this was by touching or striking when the arrest report that's incorporated by reference and agreed to by the defendant as the factual basis for the plea does not mention that way of committing battery at all. Well, two things. Because the case started out, it was charged as touching or striking or causing bodily harm. The judgment does not reflect that the judge found causing bodily harm. And I may be somewhat biased by my experience because I did practice criminal law for 20 years in Florida courts. And I can say to the court with great conviction, there is not a single case under the Florida law where a defendant is convicted solely on the theory of battery by causing bodily harm. And I'll tell you why that is. The government never proceeds along that line because it's so much easier to prove a battery by touching or striking. And the report in this case proves my point. We have an arresting officer who charged a defendant specifically with battery by intentionally causing bodily harm. And what did the state attorney do? The state attorney said, he or she said, hold on a second. We don't do that in Florida. We're going to charge this defendant the same way we charge every other defendant with battery by touching or striking or causing bodily harm. And in no case in Florida law has a defendant ever been convicted of battery by intentionally causing bodily harm solely. So I don't see any way how this plea agreement could be the first case in Florida law where a defendant was convicted of solely battery by intentionally causing bodily harm. I mean, let me let me ask it to you this way. Assuming for the sake of this argument that we conclude that that the references in the battery causing bodily harm are legal conclusions, right? If we conclude they're legal conclusions, then your position is there's no way to know which crime he necessarily pled guilty to. Is that right? Yes. Okay. But if they're factual allegations, does your position change? I still argue for the same result because under Florida law, the well. My position is it can't be a factual. Defendant did not concede that he committed battery by intentionally causing bodily harm. Do you agree it's divisible? The second part of the causing bodily harm is divisible. I concede that. Yes. Yes. So touching it or striking is one way. Yes. Causing bodily harm is another way. Yes. Judge Pryor. Okay. That's my time for rebuttal. Thank you very much. Ms. Lerne. Good morning. May it please the court. This is Jordan Lerne on behalf of the United States. It's been a lot, the law of this circuit, as well as, you know, multiple jurisdictions, including Florida, that the state or the federal government can charge multiple alternative elements of an offense. Well, I'm sorry to interrupt, but for me, as I was saying to your friend over there, the whole case comes down to whether the references in the affidavit to knowingly and intentionally committing the offense of battery causing bodily harm are factual allegations or are more fairly characterized as legal conclusions on the part of the arresting officer. So let me ask it to you this way. If we were to conclude, hypothetically, that they were legal conclusions, why would opposing counsel not be correct? I think it would be a combination of factual conclusions and legal conclusions, Your Honor. Okay, but I'm asking you to assume that we find their legal conclusions. I'm not saying we will, but for purposes of answering this question, just assume we find their legal conclusions. Would you agree if we find their legal conclusions, then opposing counsel is correct? And if not, why not? I would not agree, Your Honor, because in pleading no contest in this particular case, right, the defendant has to acknowledge or point to something in the record that says these are the elements that I'm admitting, I'm agreeing to, I'm stipulating to, for the purposes of this plea. I don't understand why the NOLO, the NOLO doesn't affect my analysis at all of this, okay? But he may as well have pled guilty straight up, which instead of, I guess he pled NOLO straight up, but he may as well have pled guilty straight up. My question is, if we look at these allegations that are characterizing the conduct as a specific type of violation, as legal conclusions instead of as factual allegations, would you agree with opposing counsel that this cannot count as a violent crime? And if not, why not? I would disagree, right, because the illegal conclusions, they don't exist in isolation, right? There's a factual basis that substantiates the legal conclusion that's provided in detail. Here's the problem, and maybe you can respond to it. It seems to me that under Mathis, under Taylor, under Shepard, under all of those cases, that when we look at the facts as alleged, and you've got a charging instrument like this one, which charges both sides of the offense conduct, right? It charges these two, you know, strike or hit, or strike or touch, and intentionally causing bodily harm, that the record has to necessarily demonstrate that the violent crime is the one that is pled guilty to. And here, the reason why it doesn't do that is because all of the factual allegations setting aside these characterizations of what he pled guilty to could satisfy either part of the statute, right? So we can't tell which one he necessarily pled guilty to. That's the problem. I would disagree, Your Honor. I would say when the defendant agrees to a factual basis that will satisfy both subsections, or both versions of the battery offense, he's necessarily admitted both alternative elements. You disagree, then, with the Eighth Circuit's analysis of this issue and horse looking? I'm not familiar with that particular case, but if that is indeed the Eighth Circuit's analysis, then yes, we would disagree. Think of it this way. If this case went to a jury, and the jury returned a special verdict, finding the defendant guilty of both forms of battery as their alternative charge, there wouldn't be a dispute. We wouldn't have an issue. The defendant was necessarily convicted of both forms of battery. In this case, right, we don't have our substitution for the jury's verdict. Let me make sure I understand something. His no low plea, as far as I can tell, never says that he's pleading to touching or striking. That's correct, Your Honor. There's nothing- It has twice the, we could call it a legal label, that he's pleading that the charge is battery causing bodily harm. It's incorporated by reference to his plea and agreed to as the factual basis for it, and then it has a description of the crime itself that would support that legal conclusion, right? That's correct, Your Honor. But there's no reference in this to touching or striking as being the other element, right? That's correct. There are factual allegations that perhaps would substantiate a plea to touching or striking, but the factual allegations equally, and more specifically, I think if you look at- Right, but if you take out, just for purposes of the hypo, you take out the characterization of the crime, right, in the affidavit, which is attested to by an arresting officer, not by the charging officer, which is the prosecutor. And if you look at the actual charging document, it charges both. If you take out those two things, you can't tell necessarily which part of the indictment he pled guilty to. Am I asking, I want to make sure I'm understanding your question correctly. So if we take away the factual basis, essentially- No, no, no. If we- No. Okay. The factual basis from the affidavit remains. What I'm saying is if we disregard the characterization inside the factual basis of this as intentionally causing bodily harm because we conclude it's a legal conclusion instead of a factual allegation, you can't tell what he's pleading guilty to. Now, I'm not saying that it is necessarily a legal conclusion, but for purposes of answering this question, I'm trying to ascertain the government's position. I think I understand your question, Your Honor. No, because I would say the facts, the agreed-upon facts that were, the defendant agreed would establish the elements of the offense he was pleading to would certainly establish a conviction for bodily harm battery. Now, I've never seen- It would, but it doesn't necessarily mean it's for that, right? Because in order to say it necessarily was that, we'd have to look at the other charge that it could have been, touching or striking, and say that there is an element of touching or striking that's not met by the facts that are alleged in the factual basis that are met by intentionally causing bodily harm. Wouldn't we have to do that? I would disagree. I would say we don't have to prove bodily harm battery to the exclusion of battery by striking. You can't do that, can you? I mean, any time that you have battery by bodily harm, you're always going to have touching or striking, won't you? I would say, hypothetically, you could think of scenarios perhaps where you wouldn't have a touch or strike. That causes bodily harm? Right, well, you could have, like, you know, this has come up in some of the indirect force cases that this Court's seen. You could have intentional conduct where you don't have to actually make physical conduct that would result in a bodily harm battery. But the point is, these two alternative elements, they're not mutually exclusive. Right, but that's the whole problem, right? Because then, if you don't have those legal conclusions, as we're characterizing them for purposes of this hypothetical, then you can't say, necessarily, he pled guilty to intentionally causing bodily harm as opposed to intentionally, or as opposed to touching or striking, right? I mean, that's the problem. How can you necessarily be sure that that's what he pled guilty to if it satisfies either end or both? Well, again, our position would be, when you agree to facts, and these are facts that were agreed to by the defendant as the basis for his plea, that you would necessarily admit the corresponding elements that go with those facts. So this case, he would have necessarily admitted, right? Because if you look at the facts, they establish a bodily harm battery. I'm not disagreeing with you. There's no question in my mind that he could have pled guilty to intentionally causing bodily harm. There's more than enough here to satisfy that. But that's a different question than whether his guilty plea to the facts, leaving out the legal conclusions, as we're calling them for purposes of this hypothetical, whether the facts necessarily establish that that is the half of the indictment to which he pled guilty. And our government's position is that it would necessarily establish that because he has agreed to facts that necessarily satisfy both elements, or both alternatives of battery that were charged in the indictment. You know, again, going back to my jury example, right? You can have both. The defendant has agreed to facts that establish both. And I think, frankly, the facts are stronger to bodily harm battery just because it was what was specifically focused on, right? And there are Florida law, your plea, whether it's guilty or NOLO, really can amend the elements that you're even charged with. There's case law to that effect. And so I think the guilty plea, or the NOLO plea, and the factual basis that the defendant agrees to is going to be a more accurate representation of what the conduct that he's acknowledging  So in that case, in this case, it would arguably, the government's position, you know, we have acknowledged that it could have been a battery by striking or touching or striking, right? There's certainly facts that are alleged that would satisfy that. He struck the victim. Right. Causing bodily harm. I mean, it's both elements. And the victim was bleeding. Right. And so he agreed to those facts that I think really, as a matter of law, satisfy both elements of the offense. And he, I mean, this wasn't a stipulation or the prosecutor's offer of proof, right? This was a sign, essentially a plea agreement, that the defendant agreed to these facts, this characterization that, you know, that he knowingly and intentionally committed the offense of bodily harm battery. Well, he agreed to incorporate the affidavit as a factual basis. And the question is, what does that mean? And you might be right. I mean, maybe it means he agreed to incorporate also the officer's characterization of what crime his conduct constituted. That might be right. I don't know. But it may not be right. And if it's not right, then we're left with just the facts. But your position is that it doesn't really matter either way. Because as long as there's enough to satisfy both crimes, then we don't have to worry about whether it necessarily established one crime versus the other. Well, our position would be that it necessarily established both crimes, right? He stipulated to facts. Right. But the problem is you have to demonstrate that the conviction was necessarily for that particular crime as opposed to touching or striking, right? You have to, there's a demand for certainty. And that's a quotation from Taylor and also from Mathis. And de Camp asks whether the defendant necessarily was convicted of that crime. So, I mean, that's where I think it becomes a little bit hairy. Right. And I agree, it would certainly be much easier facts if we were, circumstances if we were dealing with one alternative to the exclusion of the other. But again, the government's position is going to be that when you stipulate and agree to facts that establish, right? Because we don't have to show one to the government. Well, our position would be that we don't have to show one to the exclusion of the other. You can admit both alternatives of the offense based, necessarily based on the conduct that you stipulate to as the factual basis of your plea. Because the factual basis has to establish the elements of the offense. And in this case, arguably, it establishes both elements. But that would simply mean that the defendant pled to both alternative forms as set out in the plea agreement and the factual basis. And one of those forms we know tells us that, well, that's not going to get us to the crime of violence, right? It doesn't have the element of the use of force. But the bodily harm that was also pled to, right, does contain the element of the use of physical force and would qualify as a crime of violence. If we look at the factual basis and it refers to bodily harm, battery causing bodily harm, and there's no reference to the alternative element of touching or striking, is there, I really don't know the answer to this. Is there anything in the case law that says that we ignore that label? Not that I'm aware of. You look to the conduct, the facts that are agreed to, and the question is, well, what elements of the crime do those facts establish, right? Because that's what the modified categorical approach is all about. And I want to be clear, we're not relying on the facts necessarily for the truth of the matter asserted, only to the extent that they clarify what elements the defendant intended to plead to when he entered his plea, right? And in this case, he admitted, because Mr. Gandhi certainly could have said, I'm not going to agree to this factual basis. I'm only going to agree that I touched the victim and that's it. That would have been sufficient for his plea. But here we have a plea agreement that was an agreement between the prosecutor and the defense attorney that lays out this very detailed factual allegations. And the charging documents, they're not the only shepherd document we look at. We can also look at the plea documents, right? That's correct, Your Honor. And the plea documents, I think, substantiate that at least one of the elements that Mr. Gandhi intended to plead to was bodily harm battery. I agree that if we only had the judgment and we only had the information, then we would not be able to discern which one. Or for an analogous situation, if this went to trial, both versions were charged, and the jury returned a general verdict, the government would be out of luck. We couldn't meet our evidentiary showing. But here we have specific factual allegations that correspond to the element of bodily harm battery. You're not suggesting that any of the allegations that the government relies on come from any place other than the affidavit, right? Well, there is some written stipulation as well. But the affidavit that the defendant agreed to. I know. I understand that. But I'm saying it's not like there's some independent factual basis that was read into the record or something like that, right? That's okay. That's what I understood. I just was double-checking based on... That's my understanding as well. And I see my time has elapsed. So thank you. Thank you. Mr. Suma? Thank you. The court cannot rely on the legal conclusions of the arresting officer. What authority says that? What authority says that? I say that because there's an ambiguity in the record, and the modified categorical approach will not tolerate such ambiguities. Mr. Suma? I don't understand where the ambiguity is. Oh, you agree that the factual basis for a plea that's incorporated by reference is a Shepard document we can rely upon? Yes, Your Honor. Do you agree that the factual basis that is incorporated by reference in this case mentions only battery causing bodily harm with facts that are then described? That's what's mentioned. Yes, and there is no reference in that incorporated by reference factual basis to battery by touching or striking that's there. I submit that that document has to be interpreted in a context of the other relevant Shepard documents that we have. The whole point of the Shepard documents, I thought, was you very often end up with a conviction where it's not clear. It's a divisible crime, and the Supreme Court has said we can go to the Shepard documents to resolve what would otherwise be the ambiguity of that conviction, or in this case, no low plea, and clear it up. And you agree that the factual basis for this plea incorporated by reference refers only to battery causing bodily harm with facts that are described as supporting that. I don't understand why that Shepard document shows any ambiguity. I disagree because I think the document does not clarify the ambiguity because, number one, if you look at the officer's conclusions, he also concluded that the offense was a misdemeanor, and that wouldn't qualify as a crime of violence. But the officer's conclusions were superseded by the information, which charged also battery by touching or striking. And when it— Is your position really that these are the officers, who, by the way, is not a prosecuting authority, the officer's opinions of the crimes that have been committed based on the facts that he alleges that follow? Is that what your position is? That these are his legal characterizations of the facts that follow. And they may or may not be right, but they're not facts. I mean, is that really what your position boils down to? Yes, Judge. And those are not the specific facts that the defendant submitted could constitute the factual basis for the plea. Of course, the problem with that argument is he agreed to it. Whatever, whether the officer is entitled to make statements of law or not, it's incorporated by reference with no conditions whatsoever, right? And I know I'm out of time, but I'll answer the question by saying, when the defendant in the Florida court agrees that there's a factual basis to support the charge, he means to support the crime as charged in the information. Okay. Thank you. Okay. Thank you. We'll hear the next case, United States v. Harris.